UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TESSERON, LTD., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:06-CV-02909 |
| ) | |
| vs. ) | Judge Christopher A. Boyko |
| ) | |
| R.R. DONNELLEY & SONS COMPANY ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| Defendant. ) | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
### OF DEFENDANT R.R. DONNELLEY & SONS COMPANY

Defendant R.R. Donnelley & Sons Company ("R.R. Donnelley"), by its undersigned attorneys, upon knowledge as to itself and its own acts, and otherwise upon information and belief, responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff Tesseron, Ltd. ("Tesseron") as follows:

### JURISDICTION

1. R.R. Donnelley admits that the Complaint purports to bring an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq*. Answering further, R.R. Donnelley admits that jurisdiction and venue are based on provisions 28 U.S.C. §§ 1331, 1338(a), and 28 U.S.C. §§ 1391 and 1400(b). R.R. Donnelley otherwise denies the averments contained in Paragraph 1.

### PARTIES

2. R.R. Donnelley lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. R.R. Donnelley admits the allegations contained in paragraph 3.

4. R.R. Donnelley admits that it has done and continues to do business in this judicial district.

**FIRST CAUSE OF ACTION FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 5,729,665**

5. R.R. Donnelley admits that, on its face, United States Patent No. 5,729,665 ("the '665 patent"), entitled "Method of Utilizing Variable Data Fields With A Page Description Language," was issued on March 17, 1998 and that a copy of the '665 patent is attached to the Complaint as Exhibit 1.  R.R. Donnelley denies the remaining allegations of Paragraph 5.

6. R.R. Donnelley lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the allegations in Paragraph 6.

7. R.R. Donnelley denies the allegations contained in Paragraph 7.

8. R.R. Donnelley admits that a copy of a letter dated September 11, 2002 addressed to Bill Davis at R.R. Donnelley is attached to the Complaint as Exhibit 3, but denies the remaining allegations of Paragraph 8.

9. R.R. Donnelley denies the allegations contained in Paragraph 9.

10. R.R. Donnelley denies the allegations contained in Paragraph 10.

**SECOND CAUSE OF ACTION FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 5,937,153**

11. R.R. Donnelley admits that, on its face, United States Patent No. 5,937,153 ("the '153 patent"), entitled "Method of Utilizing Variable Data Fields With A Page Description Language," was issued on August 10, 1999 and that a copy of the '153 patent is attached to the Complaint as Exhibit 4.  R.R. Donnelley denies the remaining allegations of Paragraph 11.

12. R.R. Donnelley lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, , and therefore denies the allegations in Paragraph 12.

13. R.R. Donnelley denies the allegations contained in Paragraph 13.

14. R.R. Donnelley admits that a copy of a letter dated September 11, 2002 addressed to Bill Davis at R.R. Donnelley is attached to the Complaint as Exhibit 3, but denies the remaining allegations of Paragraph 14.

15. R.R. Donnelley denies the allegations contained in Paragraph 15.

16. R.R. Donnelley denies the allegations contained in Paragraph 16.

### THIRD CAUSE OF ACTION FOR INFRINGEMENT
### OF UNITED STATES PATENT NO. 6,381,028 B1

17. R.R. Donnelley admits that, on its face, United States Patent No. 6,381,028 B1 ("the '028 patent"), entitled "Method of Utilizing Variable Data Fields With A Page Description Language," was issued on April 30, 2002 and that a copy of the '028 patent is attached to the Complaint as Exhibit 5.  R.R. Donnelley denies the remaining allegations of Paragraph 17.

18. R.R. Donnelley lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, , and therefore denies the allegations in Paragraph 18.

19. R.R. Donnelley denies the allegations contained in Paragraph 19.

20. R.R. Donnelley admits that a copy of a letter dated September 11, 2002 addressed to Bill Davis at R.R. Donnelley is attached to the Complaint as Exhibit 3, but denies the remaining allegations of Paragraph 20.

21. R.R. Donnelley denies the allegations contained in Paragraph 21.

22. R.R. Donnelley denies the allegations contained in Paragraph 22.

## FOURTH CAUSE OF ACTION FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,687,016 B2

23. R.R. Donnelley admits that, on its face, United States Patent No. 6,687,016 B2 ("the '016 patent"), entitled "Method of Utilizing Variable Data Fields With A Page Description Language," was issued on February 3, 2004 and that a copy of the '016 patent is attached to the Complaint as Exhibit 6. R.R. Donnelley denies the remaining allegations of Paragraph 23.

24. R.R. Donnelley lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies the allegations in Paragraph 24.

25. R.R. Donnelley denies the allegations contained in Paragraph 25.

26. R.R. Donnelley admits that a copy of a letter dated March 30, 2004 addressed to William McCracken is attached to the Complaint as Exhibit 7, and denies the remaining allegations of Paragraph 26.

27. Upon information and belief, R.R. Donnelley admits that United States Patent Application Publication US 2002/0089681 A1 ("the '681 application") was published on July 11, 2002. Further answering, R.R. Donnelley admits that a copy of the '681 application is attached to the Complaint as Exhibit 8.

28. R.R. Donnelley denies the allegations contained in the first sentence of Paragraph 28. Further answering, R.R. Donnelley admits that a copy of a letter dated September 11, 2002 addressed to Bill Davis at R.R. Donnelley is attached to the Complaint as Exhibit 3, and denies the remaining allegations of Paragraph 28.

29. R.R. Donnelley denies the allegations contained in Paragraph 29.

30. R.R. Donnelley denies the allegations contained in Paragraph 30.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. R.R. Donnelley has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of the '665, '153, '028, or '016 patents.

### Second Affirmative Defense

32. One or more of the claims of the '665, '153, '028, or '016 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

33. The claims of the '665, '153, '028, or '016 patents (collectively, the "patents-in-suit") are unenforceable based on, among other things, inequitable conduct.

34. Forrest Gauthier ("Gauthier") is the sole named inventor of the '665, '153, '028, and '016 patents. Upon information and belief, Gauthier is the owner and founder of Tesseron.

35. David Mancino ("attorney Mancino") prosecuted the '665, '153, '028, and '016 patents.

36. On April 9, 1996, an application (serial no. 08/629,966) for U.S. Patent No. 5,740,338 ("the '338 patent") was filed with the U.S. Patent and Trademark Office (the "USPTO") by attorney Mancino and naming Gauthier as an inventor. The '338 patent is directed to a method for merging variable image data into a template image and the claims, as amended by a preliminary amendment, were directed to subject matter similar to that claimed in the '665, '153, '028, and '016 patents. Attorney Mancino prosecuted the application for the '338 patent and, on information and belief, Gauthier had substantive involvement in and control over the prosecution of that patent.

37. On April 8, 1997, the Examiner rejected most of the claims of the '338 patent application based on U.S. Patent No. 5,465,165 ("the '165 patent"). Specifically, the Examiner rejected claims 20, 30 and 31 under 35 U.S.C. § 102(b) in light of the '165 patent. The Examiner also rejected claims 21-29 and 33-35 under 35 U.S.C. § 103(a) as unpatentable over the '165 patent in view of U.S. Patent No. 5,157,765 ("the '765 patent").

38. On August 11, 1997, the applicant for the '338 patent application, through attorney Mancino, responded to the Examiner's rejection. No attempt was made to distinguish the '165 and '765 patents. Instead, claims 20-29, 31-36, 41 and 42 were cancelled, and claims 30 and 37-40 were amended to incorporate subject matter that the Examiner had earlier deemed allowable.

39. The application for one of the patents-in-suit -- the '665 patent --  was still pending at the time of the April 8, 1997 rejection of the '338 patent application. The applicant failed to disclose the '165 patent or the '765 patent to the USPTO despite the fact that those patents were material to the patentability of claims filed in the '665 patent.

40. In light of the failure to disclose the '165 patent and the '765 patent during the examination of the '665 patent, attorney Mancino and Gauthier breached the duty of candor and good faith imposed by 37 C.F.R. § 1.56. More specifically, upon information and belief, by failing to disclose the '165 patent and the '765 patent during the examination of the '665 patent, attorney Mancino and Gauthier failed to disclose information material to patentability with an intent to deceive or mislead the USPTO.

41. The applications for three of the patents-in-suit -- the '153, '028, and '016 patents -- were filed after the April 8, 1997 rejection. Although the applicant, through attorney Mancino, disclosed the '765 patent to the USPTO during the examination of the '153, '028, and '016

patents, the applicant failed to disclose the '165 patent to the USPTO despite the fact that it was material to the patentability of the claims filed in the '153, '028, and '016 patents.

42. Three of the patents-in-suit -- '153, '028, and '016 patents -- issued after the '338 patent issued.  During the prosecution of the '028 patent, the Examiner cited the '338 patent as pertinent to the '028 patent.  The applicant did not otherwise disclose the '338 patent to the USPTO during the examination of '153, '028, and '016 patents despite the fact that it was material to the patentability of the claims filed in the '153, '028, and '016 patents.

43. In light of the failure to disclose the '165 patent and the '338 patent during the examination of the '153, '028, and '016 patents, attorney Mancino and Gauthier breached the duty of candor and good faith imposed by 37 C.F.R. § 1.56.  More specifically, upon information and belief, by failing to disclose the '165 patent and the '338 patent during the examination of the '153, '028, and '016 patents, attorney Mancino and Gauthier failed to disclose information material to patentability with an intent to deceive or mislead the USPTO.

44. For at least the foregoing reasons, Tesseron's claims for patent infringement and/or damages are unenforceable based on inequitable conduct committed during the prosecution of the '665, '153, '028, and '016 patents.

### Fourth Affirmative Defense

45. Tesseron's claims for patent infringement and/or damages are barred by laches, estoppel, waiver and/or acquiescence.

### Fifth Affirmative Defense

46. Tesseron has failed to state a claim upon which relief may be granted.

## COUNTERCLAIM

R.R. Donnelley brings this Counterclaim to obtain a declaratory judgment that: (i) R.R. Donnelley's manufacture, use, offer for sale, and sale of any of its products do not infringe any valid claim of United States Patent Nos. 5,729,665 ("the '665 patent"), 5,937,153 ("the '153 patent"), 6,381,028 B1 ("the '028 patent") and 6,687,016 B2 ("the '016 patent"); (ii) one or more of the '665, '153, '028, and/or '016 patents are invalid; and (iii) the '665, '153, '028, and/or '016 patents are unenforceable.

## THE PARTIES

1. R.R. Donnelley is a Delaware Corporation with its principal place of business at 111 South Wacker Drive, Chicago, Illinois, 60606.

2. Upon information and belief, Tesseron is a Ohio Limited Liability Company, with its place of business at 8792 Maineville Road, Maineville, Ohio, 45039.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTUAL ALLEGATIONS

4. R.R. Donnelley repeats and realleges the allegations contained in Paragraphs 31-46 of its Affirmative Defenses as if set forth fully herein.

5. On December 4, 2006, Tesseron filed the Complaint in the above-captioned action, alleging, *inter alia,* that R.R. Donnelley's products infringed one or more claims of the '665, '153, '028, or '016 patents, allegedly assigned to Tesseron.

6. R.R. Donnelley denies that it has infringed or is infringing any valid claims of the patents-in-suit.

7. One or more of the claims of the '665, '153, '028, or '016 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

8. The '665, '153, '028, or '016 patents are unenforceable based on, among other things, inequitable conduct.

9. Based on the foregoing, there is an actual, immediate and justiciable controversy between R.R. Donnelley and Tesseron as to the infringement, validity, and enforceability of the '665, '153, '028, or '016 patents.

## FIRST COUNTERCLAIM

### Declaratory Relief Regarding Non-Infringement

10. R.R. Donnelley repeats and realleges the allegations contained in Paragraphs 1-9 of its Counterclaim as if set forth fully herein.

11. R.R. Donnelley has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of the '665, '153, '028, or '016 patents.

12. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, R.R. Donnelley is entitled to a declaratory judgment that it does not infringe the '665, '153, '028, or '016 patents.

## SECOND COUNTERCLAIM

### Declaratory Relief Regarding Invalidity

13. R.R. Donnelley repeats and realleges the allegations contained in Paragraphs 1-12 of its Counterclaim as if set forth fully herein.

14. One or more of the claims of the '665, '153, '028, or '016 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, R.R. Donnelley is entitled to a declaratory judgment that one or more of the claims of the '665, '153, '028, or '016 patents are invalid.

## THIRD COUNTERCLAIM

### Declaratory Relief Regarding Unenforceability

16. R.R. Donnelley repeats and realleges the allegations contained in Paragraphs 1-15 of its Counterclaim as if set forth fully herein.

17. The '665, '153, '028, or '016 patents are unenforceable for, among other things, inequitable conduct.

18. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, R.R. Donnelley is entitled to a declaratory judgment that the '665, '153, '028, or '016 patents are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, R.R. Donnelley respectfully requests that this Court:

      A.      Dismiss with prejudice the Complaint and each and every count contained therein;

      B.      Determine and declare that one or more of the claims of the '665 patent are invalid;

      C.      Determine and declare that the '665 patent is unenforceable;

      D.      Determine and declare that the claims of the '665 patent are not infringed by R.R. Donnelley;

      E.      Determine and declare that one or more of the claims of the '153 patent are invalid;

      F.      Determine and declare that the '153 patent is unenforceable;

      G.      Determine and declare that the claims of the '153 patent are not infringed by R.R. Donnelley;

      H.      Determine and declare that one or more of the claims of the '028 patent are invalid;

      I.      Determine and declare that the '028 patent is unenforceable;

      J.      Determine and declare that the claims of the '028 patent are not infringed by R.R. Donnelley;

      K.      Determine and declare that one or more of the claims of the '016 patent are invalid;

      L.      Determine and declare that the '016 patent is unenforceable;

      M.      Determine and declare that the claims of the '016 patent are not infringed by R.R. Donnelley;

-12-

   N.  Order that this case is an exceptional one, pursuant to 35 U.S.C. § 285, and award R.R. Donnelley reasonable attorneys' fees incurred in this action; and

   O.  Grant such other and further relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

R.R. Donnelley demands a trial by jury on all issues so triable.

Dated: January 16, 2007         Respectfully submitted,

                /s/ Steven M. Auvil_____
                Steven M. Auvil (0063827)
                sauvil@bfca.com
                **BENESH, FRIEDLANDER,**
                **COPLAN & ARONOFF LLP**
                2300 BP Tower, 200 Public Square
                Cleveland, Ohio 44114-2378
                Telephone: (216) 363-4500
                Facsimile: (216) 363-4588

                Attorneys for DEFENDANT
                R.R. DONNELLEY & SONS COMPANY

Of Counsel:

Bradford J. Badke
jim.badke@ropesgray.com
**ROPES & GRAY LLP**
1251 Avenue of the Americas
New York, New York 10020-1004
(212) 596-9000

Steven A. Kaufman
Steven.Kaufman@ropesgray.com
Dalila Argaez Wendlandt
Dalila.Wendlandt@ropesgray.com
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
(617) 951-7000

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 16, 2007, a true and correct copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT R.R. DONNELLEY & SONS COMPANY was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /s/ Steven M. Auvil
One of the Attorneys for Defendant
R.R. DONNELLEY & SONS COMPANY