**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **TESSERON, LTD.,** | ) | **CASE NO.  1:06CV2909** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **R.R. DONNELLEY & SONS CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |


**CHRISTOPHER A. BOYKO, J**.:

      This matter comes before the Court upon the Joint Motion to Amend the Case

Management Order (ECF DKT #62); Plaintiff's Supplemental Brief (ECF DKT #72); and

Defendant's Supplemental Brief (ECF DKT #73).  Upon consideration of the parties'

arguments, and in view of the patent issues involved, the Case Management Order is amended

as follows:

      At the outset, the Court orders the captioned case re-designated as **Complex**.  Further,

a **Settlement Conference is set for March 19, 2008 at 11:00 a.m.**, to discuss the progress of

the litigation and to determine if Mediation is feasible.  (See attached **Standing Order**).

**1**.  The parties will submit a joint claims construction chart to the Court, identifying areas of agreement and areas of dispute, on or before March 4, 2008.

**2**.  **Markman Briefs** – The parties will submit **simultaneous** briefs regarding any disputed claim construction issues on or before April 2, 2008; and will inform the Court in conjunction with these filings whether they believe expert testimony will be necessary at the claims construction stage.  A party will be permitted to present such expert testimony only if it has made the required disclosures.  Simultaneous response briefs shall be filed on May 1, 2008.

**3**.  A technology tutorial shall be submitted on May 8, 2008.

**4**.  **Markman Hearing** – The Court will conduct a claim construction hearing on June 4, 2008 at 10:00 a.m.

**5**.  Defendant shall notify Plaintiff by May 28, 2008 whether it will assert an advice-of-counsel defense to allegations of willful infringement.  Discovery as to willfulness will be stayed until that date.

**6**.  Non-expert discovery shall be completed by July 7, 2008.

**7**.  Expert reports for the party bearing the burden of proof on the issues of infringement, damages, validity and/or enforceability are due by August 7, 2008.  Responsive expert reports are due by September 8, 2008.  Expert discovery shall be completed on or before October 8, 2008.

**8**.  **Dispositive Motions**. Dispositive motions shall be filed on November 10, 2008.

Opposition briefs are due on December 10, 2008.  Any reply briefs shall be filed by

December 22, 2008.

**This schedule supersedes any prior Case Management Order, and all previously**

**scheduled hearings are cancelled.**

**IT IS SO ORDERED.**

**DATE: December 18, 2007**

**  S/Christopher A. Boyko  **
**CHRISTOPHER A. BOYKO**
**United States District Judge**

<u>**COURT'S STANDING ORDER FOR SETTLEMENT**</u>
<u>**CONFERENCES**</u>

**1. Presettlement Conference Demand and Offer.**

The Court finds settlement conferences are more productive when written demands and offers are exchanged.   Therefore, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. The itemization of damages and demand shall be proffered to opposing counsel no later than ten days prior to the settlement conference.

No later than five days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation why such a settlement is appropriate. If settlement is reached prior to the settlement conference parties shall inform the Court promptly.  If no settlement is reached, plaintiff's counsel shall deliver or fax (216- 357-7156) copies of these letters to Court chambers no later than two business days before the conference.  Parties shall not file copies with the Clerk's office.

**2. Attendance of Parties Required.**

**Parties with ultimate settlement authority must be personally present.** An insured party shall appear by a representative of the insurer who is authorized to negotiate and who has **authority to settle the matter up to the limits of the opposing party's existing settlement demand.** An uninsured corporate party shall appear by a representative authorized to negotiate and who has **authority to settle the matter up to the amount of the opposing party's existing settlement demand or offer.** Having a client with authority available by telephone is **NOT** an acceptable alternative.

**3. Conference Format.**

The settlement conference will commence with brief opening presentations by each side followed by a joint discussion and then private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. This means that counsel shall have had thorough and candid discussions with their clients regarding the costs of further litigation and the risks involved in going forward prior to the settlement conference.

**4. Statements Inadmissible.**

Statements made by any party during the settlement conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions.

**5**. **Involvement of Clients**

Counsel shall provide their clients with a copy of this Standing Order and shall discuss the points contained herein with the client prior to the settlement conference.

**IT IS SO ORDERED.**

**  S:/Christopher A. Boyko  **
**CHRISTOPHER A. BOYKO**
**United States District Judge**