IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TESSERON, LTD., | ) | CASE NO. 1:06 CV 2909 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **& ORDER** |

## Introduction

Before me by referral[1] in this patent infringement matter[2] is a discovery dispute[3] between plaintiff Tesseron, Ltd. ("Tesseron") and defendant R.R. Donnelly & Sons Company ("RRD") concerning certain requests for admission (RFAs) served on Tesseron by RRD, to which Tesseron has objected.[4]

Initially, I note that one issue of the present dispute over RFAs has been rendered moot by Tesseron's subsequent decision to answer particular requests for admission to which

---

[1] ECF # 216.

[2] ECF # 1.

[3] I note that this dispute comes to me in the posture prescribed by Local Civil Rule 37.1(a)(3), which states that, in the event that a discovery dispute could not be resolved by good faith efforts of the parties, or by a phone conference with the judicial officer, the parties "shall outline their respective positions by letter," and the judicial officer shall attempt to resolve the dispute without additional legal memoranda. Accordingly, this step in the discovery dispute resolution process precedes the filing of a formal motion to compel under Fed. R. Civ. P. 37. Thus, the present matter should not be understood as a motion to compel under the federal civil rules.

[4] ECF # 214; *see also*, ECF ## 231, 232, 235.

it previously objected.[5] I note further that another component of the current overall discovery dispute,[6] as well as other issues contained in a prior referral,[7] have all been addressed[8] and resolved.[9] Thus, the only matter now before me concerns Tesseron's objections to RRD's RFAs 1-13 and 119-223.[10]

For the reasons that follow, I find that Tesseron's objections to these RFAs are well-founded.

## Facts

As set out in the charts provided to the Court by each party[11] in response to my prior Order,[12] the issues here are admittedly fairly narrow and may be decided by resolving an apparent contradiction between the approaches to similar RFAs taken by two courts within this District.

---

[5] ECF # 232 at 1 n.1; 3.

[6] *See*, ECF # 214. The matter involved a request by RRD to depose a key person at Tesseron for an additional three hours.

[7] ECF # 211.

[8] ECF ## 207, 208, 209, 210, 218, 219, 220, 221, 222, 223 (sealed), 224 (sealed), 225 (sealed), 226 (sealed), 227.

[9] ECF ## 227, 228.

[10] *See*, ECF # 231 at 4-8, 9-38 (RRD brief); ECF # 232 at 1 (Tesseron brief);

[11] *Id*.

[12] ECF # 228.

As both parties agree, RFAs 1 through 13 seek an admission by Tesseron that a particular reference in the patent in suit is to prior art.[13]  The parties further agree that RFAs 119 through 233 seek an admission by Tesseron that certain claims made in the patent in suit are disclosed in alleged prior art.[14]

Essentially, each party here contends that its position is supported by a decision from a judge in this District.  Tesseron argues[15] that its objections should be sustained for the reasons set forth by Judge Lioi in her ruling on a similar group of RFAs in *Fitness Quest v. Monti*.[16]  RRD, in turn, asserts that RFAs similar to the ones it propounded to Tesseron were recently approved by Judge Dowd in *Old Reliable Wholesale v. Cornell Corp.*[17]

As to the first group of RFAs, those seeking an admission that a reference in the patent in suit is to prior art, Tesseron contends that *Fitness Quest* holds that such an RFA is properly objected to because whether something is prior art is a question of law.  Thus,  requesting such an answer is requesting a legal conclusion and is, therefore, properly objectionable. RRD, citing *Old Reliable*[18] as well as *Intertech Resources v. Vital Signs*,[19] maintains that

---

[13] ECF # 231 at 4-8 (RRD); ECF # 232, Attachment at 1-3 (Tesseron).

[14] ECF # 231 at 9-38 (RRD); ECF # 232, Attachment at 4-24 (Tesseron).

[15] ECF # 232, Attachment at 1, 4.

[16] *Fitness Quest v. Monti*, No. 5:06-cv-2691, ECF # 82 (N.D. Ohio Oct. 30, 2007).

[17] *Old Reliable Wholesale v. Cornell Corp.*, No. 5:06-cv-2389, 2008 WL 2323777 (N.D. Ohio June 4, 2008).

[18] ECF # 214.

[19] *Intertech Resources v. Vital Signs*, No. 94C5758, 1996 WL 637860 (N.D. Ill. Nov. 1, 1996) (quoted in ECF # 231 at 4-5).

because "'the identity of an invention is a question of fact,'"[20] an RFA which seeks an admission that a reference in the patent in suit is to prior art "is also proper and warrants a response from Tesseron."[21]

As to the second block of RFAs, which seek an admission as to whether certain claims of the patent in suit are disclosed in the alleged prior art, Tesseron again argues that its objections are sanctioned by Judge Lioi's holding in *Fitness Quest*. Specifically, Tesseron, quoting *Fitness Quest*, states that these RFAs "improperly ask for comparisons of claims out of context, which would in turn necessitate detailed explanation in order to put them back into proper perspective," and so are properly objectionable.[22] For its part, RRD, relies on Judge Dowd's decision in *Old Reliable Wholesale* which, it asserts, ordered a response to similar RFAs.[23]

## Analysis

**A.    RFAs 1-13**

These requests for admission are similarly worded. Each begins by referencing a product or process, and then asks Tesseron to admit that the product or process "constitutes

---

[20] ECF # 231 at 4 (quoting *Intertech*, 1996 WL 637860, at *2).

[21] *Id*. at 5.

[22] ECF # 232, Attachment at 4 (quoting *Fitness Quest*, No. 5:06-cv-2691, ECF # 82 at 3) (citation omitted); *see also*, *Martin Marietta Materials v. Bedford Reinforced Plastics*, No. 3:03-cv-0057, 2007 WL 1300772, at *2 (W.D. Pa. May 2, 2007).

[23] ECF # 231 at 9-10; *see also*, ECF # 214 at 2-3.

-4-

prior art to the Patents in Suit under 35 U.S.C. § 102(b)."[24] As formulated, these RFAs are virtually identical to those addressed by Judge Lioi in *Fitness Quest*.[25]

In finding that an objection to such an RFA was proper, *Fitness Quest* noted that while the "'scope and content of the prior art and the differences between the claimed invention and the prior art are questions of fact,'"[26] the question of "whether an alleged reference is prior art, however, is a question of law[,]"[27] since "[t]he term 'prior art' is a legal term defined by statute."[28] Thus, *Fitness Quest* found that "requesting a party to admit that something meets the definition of 'prior art' is to request a legal conclusion, and is properly objectionable."[29]

*Intertech*, the authority primarily relied upon by RRD, significantly does not contain the precise wording of the actual RFA in dispute.[30] Thus, without knowing exactly what the RFA requested, and specifically whether it asked for an admission that something was "prior art" by employing that precise term, it is impossible to make a meaningful comparison of

---

[24] *See*, ECF # 231 at 4-8.

[25] *See*, *Fitness Quest*, No. 5:06cv2691, ECF # 82 at 2. "The first request for admission asks, 'Admit that U.S. Patent No. 5,256,126 is prior art to the patent-in-suit.'"

[26] *Id.*, quoting *McKesson Info. Solutions v. Bridge Med.*, 487 F.3d 897, 913 (Fed. Cir. 2007).

[27] *Id.*, citing *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004).

[28] *Id*.

[29] *Id.*

[30] *See*, ECF # 231 at 4 n.1. RRD's acknowledgment that the "actual requests" in *Intertech* are not known since they "could not be retrieved electronically."

*Intertech* to both *Fitness Quest* and the current case.  In such a posture, I find *Intertech* to be of limited usefulness in addressing the matter now in dispute.

However, in any event, I find that the reasoning in *Fitness Quest*, as relates to a group of identically worded RFAs, is sound and persuasive.  Thus, with *Fitness Quest*, I find that because the term "prior art" is a legal term precisely defined by statute, a request to admit that something is "prior art" is, therefore, to request a legal conclusion, making such a request properly objectionable.

Accordingly, I conclude that Tesseron's objections to RFAs 1-13 are proper.

**B.    RFAs 119-223**

These RFAs seek to have Tesseron admit, under either the claim construction advanced by RRD or Tesseron as specified in the particular RFA, that some specified operation or claim contained in, or described by, another patent or product "literally meets" a given claim in the patent-in-suit.[31]

I note first, as observed in *Martin Marietta*, that requests for admission are "in essence a simplified procedure that should require a minimal response and explanation[,] as well as rarely requiring reliance on documentation of facts outside of the requests themselves."[32]  Thus, when a series of RFAs require the answering party to both reference outside documents

---

[31] *See*, *e.g.*, ECF # 232, Attachment at 4.  "Request for Admission 119.  Under RRD's proposed claim construction, Microsoft Word 5.5 literally meets the element in claim 1 of the '016 patent of 'providing a merge file including a plurality of variable data items and including a field name associated with the plurality of data items."

[32] *Martin Marietta*, 2007 WL 1300772, at *2 (citation omitted).

and differing claims construction as a predicate to formulating an answer, such RFAs "go beyond the permissible parameters of a request for admission."[33]

In addition, I further note, as was observed by the Court in *Fitness Quest*, that "these requests improperly ask for a comparison of claims out of context, which would in turn necessitate detailed explanation in order to put them into proper perspective ...."[34]

The emphasis in both *Martin Marietta* and *Fitness Quest* on the inherent difficulty in the context of an RFA of comparing particular, individual elements from one process or product with a given claim in the patent-in-suit should not be understood as prohibiting an RFA that seeks an admission that a given patent discloses "each and every element" of a claim in the patent-in-suit. As *Fitness Quest* stated, "'Determining whether a prior art reference discloses *each and every* limitation of the claim expressly or inherently is a factual question ....'"[35]

RRD's attempted reliance on a purportedly contrary finding by the Court in *Old Reliable Wholesale* is misplaced. Unlike here, the dispute before the Court in *Old Reliable Wholesale* involved answers by the party receiving the RFAs that were evasive and non-responsive.[36] Moreover, again unlike here, the RFAs at issue in *Old Reliable Wholesale* strictly sought admissions as to product features that were limited to observation of the

---

[33] *Id*.

[34] *Fitness Quest*, No. 5:06cv2691, ECF # 82 at 3.

[35] *Id*. at 2, quoting *Akami Technologies v. Cable & Wireless Internet Servs.*, 344 F.3d 1168, 1192 (Fed. Cir. 2003) (emphasis added).

[36] *Old Reliable Wholesale*, 2008 WL 2323777, at * 2.

product itself. Indeed, the Court in *Old Reliable Wholesale* expressly noted that the party propounding the RFAs there "did not seek a response regarding what was described in the patent, but rather a response as to [the features of] its own product."[37] As such, *Old Reliable Wholesale* is not analogous to the present dispute wherein RRD is seeking an admission from Tesseron that, under various claims formulations, a particular process or product feature "literally meets" the elements of a given claim in the patent-in-suit.

Accordingly, for the reasons given in *Martin Marietta* and *Fitness Quest*, I find that Tesseron's objections to RFAs 119-223 are well-founded.

## Conclusion

For the foregoing reasons, I find Tesseron's objections to the RFAs in dispute to be proper and so terminate the referrals.

Dated: April 30, 2009        s/ William H. Baughman, Jr.
                             United States Magistrate Judge

---

[37] *Id.*